IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOLLO FIGUEROA [BZ-2095] | : : : | CIVIL ACTION |
| v. | : : | |
| MICHAEL WERNEROWICZ, et al. | : | NO. 13-2687 |

**REPORT AND RECOMMENDATION**

M. FAITH ANGELL                                                                                     July 12, 2013
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner Mollo Figueroa is currently incarcerated at SCI-Graterford in Graterford, Pennsylvania, where he is serving a term of life imprisonment for first degree murder. For the reasons which follow, it is recommended that Mr. Figueroa's habeas petition be held in abeyance pending the exhaustion of his claims in state court.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

The background of this case was set forth by the Superior Court of Pennsylvania as follows:

On May 7, 1991, the victim, Edelmirio Garcia, was shot twice in the back of the head and once in the back as he exited a pharmacy in Philadelphia. There were three witnesses to the crime, one who positively identified [Petitioner] as the shooter. Another individual was prepared to testify that [Petitioner] told him that he committed this murder.

After he was arrested, [Petitioner] made a statement to police, admitting his involvement in the murder.[2] [Petitioner] confessed that he killed the victim after being told to do so by his uncle.[3] His uncle also gave [Petitioner] the gun used in this crime.

---

[1] In preparing this Report and Recommendation, I have reviewed the following documents: Mr. Figueroa's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody, inclusive of all exhibits and attachments thereto, and the Commonwealth's Response, with exhibits.

[2] Footnote [1] reads:

[Petitioner] was only 16 years old at that time; therefore, his aunt (his legal guardian) was present when he spoke with police.

[3] Footnote [2] reads:

1

Faced with the death penalty,[4] on December 7, 1992, [Petitioner] pled guilty to first-degree murder, possession of an instrument of crime and criminal conspiracy in exchange for a life sentence for murder and concurrent sentences for the remaining offenses. At the colloquy, the Commonwealth informed the court of [Petitioner's] cooperation and agreed to draft a letter to be put in his file "if there's any hope at some time, and [Petitioner] knows it is years and years away, he would be considered for some form of commutation." (N.T. 12/7/92 at 32). The court also honored [Petitioner's] request and recommended that he be committed to Graterford State Penitentiary. No direct appeal was filed (footnote omitted).

*Commonwealth v. Figueroa*, No. 2762 Philadelphia 1998, slip op. at 1-2 (Superior Court, July 29, 1999); Response to Petition for Writ of Habeas Corpus[5], Exhibit A.

Mr. Figueroa then pursued collateral relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S. §9541, *et seq.*

As explained by Pennsylvania's Superior Court:

On December 31, 1996, [petitioner], acting *pro se*, filed his first petition for PCRA relief. After appointing counsel, the PCRA court dismissed the petition, and this Court affirmed the Order denying relief. [*Commonwealth v. Figueroa*, 742 A.2d 1142 (Pa. Super. 1999) (unpublished Memorandum at 1-2) (footnotes omitted)]. No petition for allowance of appeal was filed.

On January 18, 2005, [petitioner], acting *pro se*, filed his second PCRA petition [footnote omitted], and on April 25, 2005, he filed a supplemental petition. Following proper notice pursuant to Pa.R.Crim. P. 907, *Disposition without Hearing*, the PCRA court dismissed the petition on August 26, 2005, concluding it was untimely filed and the issues raised therein were without merit. Record, No. D-18, Order and Opinion, Hughes, J., 8/26/05. [A] *pro se* appeal followed.

[Petitioner] present[ed] the following question for our review:

Is the service of [Petitioner's] life sentence without the possibility of parole in violation of the rule of law announced in *Roper v. Simmons*, 125 S.Ct. 1183 (2005), and violates [sic]

---

There was a "contract" on the victim purportedly over a drug-dealing dispute.
[4] Footnote [3] reads:

[Petitioner] was to be tried as an adult despite his age at the time of the crime.
[5] Hereinafter "Commonwealth's Response".

2

[Petitioner's] 8th [sic] and 14th [sic] Amendment rights to the United States Constitution and Aticle 1, Section 13 of the Pennsylvania Constitution?

*Commonwealth v. Figueroa*, No. 2705 EDA 2005, slip op. at 2-3 (Superior Court, June 19, 2006); Commonwealth's Response, Exhibit B. In *Roper*, the Supreme Court of the United States held that "[t]he Eighth and Fourteenth Amendments forbid imposition of the death penalty on offenders who were under the age of 18 when their crimes were committed." *Roper v. Simmons*, 543 U.S. 551, 578 (2005). The Superior Court affirmed the dismissal of Petitioner's PCRA petition on June 19, 2006. There is no indication that the matter was appealed to the Pennsylvania Supreme Court.

Mr. Figueroa filed a third PCRA petition on July 6, 2010, claiming that he was eligible for relief because of "the imposition of a sentence greater than the lawful maximum". Motion for Post Conviction Collateral Relief at 2; Commonwealth's Response, Exhibit C. He invoked the decision of the United States Supreme Court in *Graham v. Florida*, 560 U.S. 825 (2010). In *Graham*, the U.S. Supreme Court prohibited life-without-parole terms for juveniles committing non-homicide offenses.

On May 16, 2012, Petitioner filed a supplemental pleading in which he cites the United States Supreme Court decision in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012)[6]. He claims that

as a juvenile entered into a guilty plea in exchange for what he believed to be a 12 ½ to 15 year sentence. The description of this sentence was given to Petitioner by his trial counsel and based on this incorrect information (amongst other incorrect advise) Petitioner instead received a mandatory life sentence for first degree murder.

---

[6] In *Lafler*, the U.S. Supreme Court held that the petitioner was prejudiced by counsel's deficient performance in advising the petitioner to reject a plea offer and go to trial. The Court further held that the proper remedy for counsel's ineffective assistance was to order the State to reoffer the plea agreement, and, if the petitioner accepted the offer, the state trial court could then exercise its discretion regarding whether or not to resentence.

Supplemental Petition under the Post-conviction Relief Act filed Pursuant to a New Rule of Constitutional Law as delineated in the United States Supreme Court Case of *Lafler v. Cooper*, 2012 WL 932019 (U.S.) at 2; Commonwealth's Response, Exhibit D. Another supplemental PCRA petition was filed by Mr. Figueroa on August 23, 2012, which he based upon *Miller v. Alabama*, 132 S.Ct. 2455 (2012). In *Miller*, the United States Supreme Court opined:

> . . . Our decision does not categorically bar a penalty for a class of offenders or type of crime-as, for example, we did in *Roper* or *Graham*. Instead, it mandates only that a sentence follow a certain process-considering an offender's youth and attendant characteristics-before imposing a particular penalty.
> . . . . .
> In *Graham*, we prohibited life-without-parole terms for juveniles committing non-homicide offenses . . .
> . . . . .
> By requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, the mandatory sentencing schemes before us violate this principle of proportionality, and so the Eighth Amendment's ban on cruel and unusual punishment.

*Miller*, 132 S.Ct. 2455, 2471, 2475 (2012). Mr. Figueroa's supplemented PCRA petition remains pending in the state court.

On May 14, 2013, Mr. Figueroa signed and dated the instant habeas petition, and it was filed in this Court on May 16, 2013.[7] He raises the following grounds:

GROUND ONE: Pursuant to Graham v. Florida, it is unconstitutional under PA & U.S. Const. & violation of International law to sentence a juvenile to life without parole.

GROUND TWO: Trial counsel was ineffective for not properly advising Petitioner during plea-bargaining stage pursuant to Lafler v. Cooper (2012).

GROUND THREE: Pursuant to Miller v. Alabama, (2012) it is unconstitutional and a violation of the 8th amend cruel & unusual punishment to sentence a juvenile to a mandatory life without parole sentence.

---

[7] For purposes of this Report and Recommendation, under the prison mailbox rule, I will accept the earlier date, May 14, 2013, as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody[8] at 5-16.

The Commonwealth responds that:

>Figueroa's two claims (his first and third, which assert that his lifetime prison sentence violates the Eighth Amendment, are the same claim) are the subject of a pending state post-conviction proceeding and therefore are plainly unexhausted. . . . the respondents do not oppose Figueroa's request for a stay pending the conclusion of the state postconviction proceedings.

Commonwealth's Response at 6.

## II. DISCUSSION

Mr. Figueroa's claims concerning his sentence are clearly unexhausted, and comity requires that Pennsylvania's courts be given the first opportunity to review his claims. The United States Supreme Court decided *Miller* on June 25, 2012, and, soon thereafter, the Pennsylvania Supreme Court agreed to hear a case which raises the exact issue Mr. Figueroa is attempting to present herein. Pending in the Supreme Court of Pennsylvania is *Commonwealth v. Cunningham*, 51 A.3d 178 (Pa. 2012). The Petition for Allowance of Appeal in that matter is limited to the issue of whether the trial court erred in imposing a life sentence without parole for the crime of second degree murder. The parties have also been directed to address the following related issues:

>Whether the holding in *Miller v. Alabama*, [--- U.S. ---], 132 S.Ct. 2455 [183 L.Ed.2d 407] (2012), that a juvenile convicted of a homicide offense cannot be sentenced to life imprisonment without parole unless there is consideration of mitigating circumstances by a judge or jury, retroactively applies to an inmate serving such sentence when the inmate has exhausted his direct appeal rights and is proceeding under the Post Conviction Relief Act.

>If *Miller v. Alabama*, [---U.S. ---], 132 S.Ct. 2455 [183 L.Ed.2d 407] (2012), is determined to have retroactive effect, what is the appropriate remedy under the Pennsylvania Post Conviction Relief Act for a defendant who was sentenced to a mandatory term of life imprisonment without the possibility of parole for a murder committed when the defendant was under the age of eighteen?

---

[8] Hereinafter "Petition".

*Commonwealth v. Cunningham*, 51 A.3d 178, Order (Pa. 2012). The matter was to be listed for argument at the next scheduled session. The Court of Common Pleas is presumably retaining Mr. Figueroa's case pending the state high court's decision.

Rather than having this Court dismiss Mr. Figueroa's habeas petition without prejudice for failure to exhaust state court remedies, it has been suggested that this matter remain in abeyance pending exhaustion.

"District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion. [The Anti-Terrorism and Effective Death Penalty Act (AEDPA)] does not deprive district courts of that authority, but it does circumscribe their discretion." *Rhines v. Weber*, 544 U.S. 269, 276 (2005) (internal quotations and citations omitted).

> [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court could abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
> . . . . .
> A mixed petition should not be stayed indefinitely. . . . [D]istrict courts should place reasonable time limits on a petitioner's trip to state court and back. District courts should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed. . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Id.* At 277-278 (internal quotations and citations omitted).

Under the circumstances presented in this matter, Mr. Figueroa's habeas petition should be stayed and held in abeyance pending the conclusion of his state court PCRA proceedings. There is good cause for Petitioner's earlier failure to raise this constitutional challenge to his sentence

in state court. The claim is not "plainly meritless", and there is no indication that Mr. Figueroa "engage[d] in abusive litigation tactics or intentional delay". *Rhines*, 544 U.S. at 277-278. *See also, Correa v. Harlow*, 2012 WL 3041818 (E.D.Pa. July 24, 2012). Furthermore, the Commonwealth does not oppose a stay of the proceedings. Also, as the Commonwealth notes, the stay should be conditioned on Petitioner's notifying this Court and the Respondents within a specified reasonable time after the conclusion of the state court proceedings. *See* Response at 8.

## **RECOMMENDATION**

Consistent with the above discussion, it is recommended that the petition for a writ of habeas corpus be STAYED and held in ABEYANCE.

It is further recommended that, if Petitioner fails to return to federal court within thirty days of the conclusion of his state court proceedings, this Order be vacated and his petition be DISMISSED W ITHOUT PREJUDICE.

It is further recommended that Petitioner's motion for appointment of counsel be DENIED WITHOUT PREJUDICE.

It is further recommended that there is no probable cause to issue a certificate of appealability.[9]

BY THE COURT:
_S/M. FAITH ANGELL_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

By E-mail:
Hon. Paul S. Diamond
Joshua S. Goldwert, Esq.    joshua.goldwert@phila.gov

By Mail:
Mollo Figueroa
BZ-2095
P.O. Box 244
Graterford, PA 19426-0244

---

[9] Petitioner is advised that he may file objections to this Report and Recommendation. *See* Local R.Civ.P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.